884 F.2d 579
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin W. MORGAN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-3742.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1989.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Marvin Morgan appeals the decision by the Benefits Review Board affirming the denial of his claim for black lung disability benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. The Board concluded that under 20 C.F.R. Sec. 725.309 Morgan failed to demonstrate a material change of condition between his first and second claims. We reverse.
 
 
 2
 Morgan was seventy-one years old and residing in Battle Creek, Michigan with his wife at the time of his death. Morgan testified that he had worked approximately fifteen years in coal mines from 1931 through 1951. In support of this work history, Morgan submitted Social Security records. For those mines which kept poor work records or did not report earnings to the Social Security Administration, Morgan submitted the affidavits of co-workers. After leaving the mines, Morgan moved to Michigan where he engaged in factory work and construction. Morgan ceased working in 1979.
 
 
 3
 Morgan filed two claims for black lung benefits. He filed his first claim on October 1, 1976. This claim was denied initially on June 25, 1979, and again on reconsideration on October 5, 1979. The denial was not appealed. Morgan filed another application on March 4, 1981, which was denied on July 20, 1982.
 
 
 4
 The first claim was denied on the ground that the evidence failed to establish the existence of pneumoconiosis. Morgan wrote to the department less than a year later in a letter dated September 29, 1980, submitting more evidence in support of his claim and requesting a hearing. Included in that evidence were affidavits of three co-workers attesting to his coal mine employment during the early 1930's and information relating to his eligibility for disability benefits. The letter also indicated that Morgan would later provide additional medical information from his doctors.
 
 
 5
 This letter was followed by a second formal application for benefits, which was received on March 5, 1981. The claim was again denied in letters dated July 12 and July 20, 1982, on the grounds that the evidence failed to prove either pneumoconiosis or causation by coal mine employment. Morgan then requested a hearing before an administrative law judge. The administrative law judge noted that Morgan had filed two separate claims for black lung benefits, one in 1976 and the other in 1981. He treated the second claim as merged with the first under 20 C.F.R. Sec. 725.309(c). As a result, the administrative law judge adjudicated the case under 20 C.F.R. Part 727 and Part 410, the regulations applicable to claims filed on or before March 31, 1980.
 
 
 6
 The administrative law judge found that Morgan was employed as a coal miner for a total of ten and three-quarters years. This included seven quarters of coal mine employment established by Social Security records and another thirty-six quarters based on Morgan's written statements and the affidavits of co-workers. Because Morgan had established more than ten years of coal mine employment, the administrative law judge first considered whether Morgan qualified for the interim presumption under 20 C.F.R. Sec. 727.203.
 
 
 7
 The administrative law judge found that Morgan failed to establish the existence of pneumoconiosis by any of the four types of medical evidence approved under 20 C.F.R. Sec. 727.203(a)(1)-(4). Consequently, the administrative law judge found no basis to invoke the interim presumption of entitlement under 20 C.F.R. Sec. 727.203. The administrative law judge then considered Morgan's eligibility under the regulations of Part 410. He again concluded that there was no evidence that Morgan was disabled due to pneumoconiosis arising out of his coal mine employment. In reaching this conclusion, the administrative law judge took into consideration the medical records submitted by Morgan after the hearing.
 
 
 8
 On appeal, the Benefits Review Board noted that Morgan's initial claim of October 1, 1976 was finally denied October 5, 1979. Because Morgan's second claim was filed on March 5, 1981, it was filed outside the one year period allowed for modification under 20 C.F.R. Sec. 725.310. Thus, the Benefits Review Board interpreted the second claim under the duplicate claims provisions of 20 C.F.R. Sec. 725.309. The Board found that under 20 C.F.R. Sec. 725.309(d) Morgan's second claim could only be adjudicated if he first demonstrated a "material change of conditions" from the time of denial of his first claim. The Board found that in the absence of such a change, the latter claim must be denied on the same basis as the initial claim denial under the Board's decision in Lukman v. Director, OWCP, 10 BLR 1-56 (1987), aff'd on rehearing en banc, 11 BLR 1-71 (1988).
 
 
 9
 The Board found no material change between Morgan's first and second claim. The Board reached this conclusion because the director cited the same reasons for his denial of both claims, namely, Morgan's failure to establish the existence of pneumoconiosis. The Board denied the new claim based on 20 C.F.R. Sec. 725.309(d). The Board did not address the merits of Morgan's claim and dismissed the administrative law judge's denial of benefits on the merits as harmless error.
 
 
 10
 The Benefits Review Board erred in finding that Morgan's claim was subject to the duplicate claims provision of 20 C.F.R. Sec. 725.309(d). A careful review of the record reveals that Morgan sent a letter to the Office of Workers Compensation Programs dated September 29, 1980, less than a year after the denial of his first claim. We interpret this letter as a request for modification of the initial denial under 20 C.F.R. Sec. 725.310. Because this modification request was filed after March 31, 1980, the claim should be considered under the provisions of 20 C.F.R. Part 718.
 
 
 11
 We vacate the judgment of the Benefits Review Board. Morgan's letter should have been considered a request for modification under 20 C.F.R. Sec. 725.310, not a duplicate claim under 20 C.F.R. Sec. 725.309. We remand the case to the administrative law judge for consideration under the standards set forth in 20 C.F.R. Part 718. We decline to affirm the administrative law judge's findings under 20 C.F.R. Sec. 727. Review of these findings and of the entire case will be appropriate only after review by the Benefits Review Board.